IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DANTE DECURR WHITE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 676 |
| | ) | |
| **COOK COUNTY JAIL**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Cook County Department of Corrections ("County Jail") inmate Dante White ("White") has employed the printed form of 42 U.S.C. § 1983[1] Complaint provided by the Clerk's Office for use by persons in custody advancing such claims, in this instance against the County Jail and Cook County Board President Toni Preckwinkle ("Preckwinkle"). But there is no need to look at the merits of White's claim, for his lawsuit does not get out of the starting gate.

Although both White's Complaint and this action fail in several respects, most of which appear potentially remediable, his failure to cure the threshold hurdle erected by Section 1997e(a) for Section 1983 prisoner litigation is fatal. That section makes the exhaustion of available administrative remedies a precondition to suit, and White's flunking of that condition mandates dismissal under the initial screening called for by Section 1915A.

On that score White has attached, as his Complaint Ex. 1-H, a copy of his January 6, 2014 Inmate Grievance Form, which he had tendered as an "emergency grievance" to his

---

[1] That and one other section of Title 42 will hereafter be cited "Section --," omitting the prefatory "42 U.S.C." That same usage will be employed in citing to provisions of Title 28. No confusion should result from that double usage, for even though both sets of statutory citations are in the 1900 series, the Title 42 provisions are in the topmost quadrant of that series while the Title 28 provisions are in its lowest quadrant.

CRW/Platoon Counselor G. Reid. Unfortunately for Brown, that grievance reflects no further processing even at the Superintendent level, let alone any other step that may be required for the exhaustion of remedies available either at the County Jail or farther up the institutional chain.

As stated earlier, that calls for dismissal of the Complaint in this action (see Section 1915A(b)), and this Court so orders. But because of the possibility that White may try again if he later satisfies the precondition to sue, two other problems with his current filings should be identified here.

For one thing, his naming of Preckwinkle as a defendant is simply mistaken. Neither the Cook County Board nor its President has any responsibility for dealing with prisoner grievances at the County Jail -- the management of that institution is vested in Cook County Sheriff Tom Dart. As for the County Jail, it is not a sueable entity, so Brown's naming it as a defendant is mistaken as well. It should be also added that personal responsibility under Section 1983 on Sheriff Dart's part is questionable as well, although if White were to target the Sheriff as a defendant until he can identify the individual personnel responsible for the claimed violation of his constitutional rights, this Court would give him some leeway in that regard.

Finally, there is another problem posed by White's submissions. Along with the Complaint he has tendered an In Forma Pauperis Application ("Application"), again using a form provided by the Clerk's Office. But although that form is obviously intended to enable this Court to make the calculation called for by Section 1915 as to White's payment of the $350 filing fee in future installments, the Application is totally unsatisfactory in that respect. Although Section 1915(a)(2) calls for White's submission of a certified copy of his trust fund account statement for the six-month period immediately preceding his filing of the Complaint, the Application was

signed (and the certificate was dated) on June 18, 2013, and the trust fund account statement runs only up to June 17 of last year. If White were to try again, a current trust fund account statement covering the six-month period immediately preceding his new Complaint would be called for.

In summary, both the Complaint and this action are dismissed. Because this Court has not spoken to the merits (or lack of merit) in White's claim, this dismissal is without prejudice.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: February 28, 2014